IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHEILA MARIE SPENCER,

                Appellant,                       OPINION AND ORDER

  v.

                                                           15-cv-332-wmc

FEDERAL HOME LOAN MORTGAGE
CORPORATION a/k/a Freddie Mac,

                Appellee.

---

SHEILA M. SPENCER,

                Appellant,

  v.

                                                            15-cv-327-wmc

FEDERAL HOME LOAN MORTGAGE
CORPORATION a/k/a Freddie Mac,

                Appellee.

---

SHEILA M. SPENCER,

                Appellant,

  v.

                                                            15-cv-455-wmc

FEDERAL HOME LOAN MORTGAGE
CORPORATION and PNC BANK, N.A.,

                Appellees.

---

      These three appeals from decisions of the Bankruptcy Court of the Western District of Wisconsin comprise debtor Sheila M. Spencer's latest attempt to delay

foreclosure on her home. Spencer appeals the court's decision to lift the automatic stay in the 15-cv-332 appeal; she appeals the court's decision to dismiss the adversary proceeding in the 15-cv-327 appeal; and she appeals the court's decision to dismiss her Chapter 13 petition in the 15-cv-455 appeal. After reviewing the parties' submissions and the bankruptcy records, the court now affirms all three decisions.

BACKGROUND[1]

On April 3, 2015, Spencer filed a Chapter 13 voluntary bankruptcy petition. *In re Spencer*, No. 15-11204 (Bankr. W.D. Wis. Apr. 3, 2015) (dkt. #1). On April 16, 2015, creditor PNC Bank, N.A., filed a motion for relief from stay. *Id.* (dkt. #10). The bankruptcy court conducted an evidentiary hearing on May 11, 2015, and issued an opinion on May 15, 2015, in which the court found that "Spencer has engaged in a scheme to delay creditors involving multiple bankruptcy filings affecting real property," and therefore PNC Bank was entitled to relief from the automatic stay under 11 U.S.C. § 362(b)(20). *Id.* (dkt. ##60, 61).

On April 26, 2015, Spencer also filed an adversary proceeding against PNC Bank, N.A., and Freddie Mac, among other individuals and corporate entities, seeking a judgment "declaring the relative rights, interests, obligations and responsibilities concerning Ms. Spencer's Homestead," "declaring the mortgage recorded in the Wood

---

[1] The bankruptcy court, this court and the Seventh Circuit are by now all well familiar with debtor Sheila Spencer and her attorney Wendy Alison Nora's efforts to delay foreclosure on Spencer's home. *See Spencer v. PNC Bank, N.A.*, No. 14-cv-422-wmc, 2015 WL 1520912, at *2-4 (W.D. Wis. Apr. 2, 2015). With that background in mind, the court sets forth the following, key events.

2

County Register of Deeds purporting to encumber Ms. Spencer's Homestead to be adjudged null and void," "determining the identity and capacity of any parties entitled to receive adequate protection payments and/or the proceeds of sale of the Homestead" and "determining the amount of each such claim or interest." *Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (Bankr. W.D. Wis. Apr. 26, 2015) (dkt. #1). On April 30, 2015, the bankruptcy court ordered *sua sponte* that Spencer brief why her adversary proceeding is not barred by the *Rooker-Feldman* doctrine.[2] *Id.* (dkt. #6). After review of Spencer's response, the bankruptcy court dismissed the adversary proceeding for lack of subject matter jurisdiction in a decision also dated May 15, 2015, finding Spencer's claims were indeed barred by *Rooker-Feldman*. *Id.* (dkt. #14); *see also id.* (dkt. #15).

On June 30, 2015, the court held a preliminary hearing on the plan for confirmation as well as PNC's motion to dismiss the case. During the hearing, Attorney Nora as counsel for Spencer acknowledged that the amount to be distributed to unsecured creditors was overstated. *In re Spencer*, No. 15-11204 (Bankr. W.D. Wis.) (dkt. #122) 9. Judge Furay then asked:

> When can we anticipate at least a plan amendment to address the distribution issue, if you will, if I can use that term as shorthand, that's been identified by the trustee?
>
> MS. NORA: If I may have ten days, Your Honor . . . .
>
> THE COURT: I was just asking for a date, Ms. Nora. So if I said that a plan amendment will be filed no later than July 10, 2015, to address the plan distribution -- I'm making some notes.

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983).

> MS. NORA: May I have until July 13th, Your Honor, just because I am in proceedings in a remote location on the 10th? But I will hasten to get this done.
>
> THE COURT: All right. So I will make a note that a plan amendment will be filed no later than July 13, 2015, to address the plan distribution issue to unsecured creditors. . . . If the amendment is not filed by that date, the case will be dismissed.

*Id.* 10. During that same exchange, Attorney Nora also agreed to provide a declaration concerning Spencer's failure to provide tax returns from 2011 to 2013, also by July 13. *Id.* at 12.

In a one-page order dated that same day, June 30, 2015, the bankruptcy court ordered:

> A plan amendment will be filed no later than July 13, 2015, to address the plan distribution issue to unsecured creditors. Further, the Debtor will provide an affidavit or other evidence to the trustee with respect to the 2011 through 2013 tax returns and the fact that Debtor was not required to file such returns by June 13, 2015. If the amendment and other documents are not filed by that date[,] the case will be dismissed.

*Id.* (dkt. #92).

Needless to say, Spencer filed neither a plan amendment nor the declaration explaining why she was not required to file tax returns for certain years, by July 13, 2015. The next day, the trustee filed a proposed order of dismissal. *Id.* (dkt. #105). That same day, the bankruptcy court entered an order of dismissal, which provided:

> The Court having reviewed the file finds that no Plan meeting the requirements of Chapter 13 of Title 11, United States Code has been presented; and further finding that no cause has been shown why this case should not be dismissed; IT IS FURTHER ORDERED that this case be and the same is

4

> hereby dismissed under USC 1307(c) without prejudice for want to prosecution, or because no Plan has been confirmed.

*Id.* (dkt. #105). Also on July 14, *before* entry of Judge Furay's dismissal order, Spencer filed an objection to the trustee's proposed order, acknowledging her oversight in failing to file the required documents by July 13 and offered the same excuses for failing to do so that she now offers on appeal. *Id.* (dkt. #106).

## OPINION

### I. Lifting of Automatic Stay

This court readily concludes that the bankruptcy court did not abuse its discretion in lifting the automatic stay for the reasons provided by the bankruptcy court in Spencer's prior petition for bankruptcy under Chapter 13, *In re* Spencer, No. 1-13-15076-cjf (Bankr. W.D. Wis. Feb. 15, 2014), as previously reviewed and affirmed by this court, *Spencer v. PNC Bank, N.A.*, No. 14-cv-422-wmc, 2015 WL 1520912 (W.D. Wis. Apr. 2, 2015), and again articulated by the bankruptcy court in a nineteen-page memorandum opinion in Spencer's present appeal on her second Chapter 13 petition. In particular, the court agrees with Judge Furay that relief from the stay is warranted under 11 U.S.C. § 362(d) because Spencer failed to demonstrate that (1) PNC Bank is adequately protected; and (2) the property is necessary for effective reorganization as a Chapter 13 debtor. *In re Spencer*, No. 1-15-11204-cjf, *8-14 (Bankr. W.D. Wis. May 15, 2015) (dkt. #60). That decision is, therefore, affirmed.

**II. Dismissal of Adversary Proceeding**

Next, Spencer challenges the bankruptcy court's dismissal of the adversary proceeding, which yet again sought to challenge PNC's standing to pursue foreclosure. The court need not spend much time on this issue either. As previously explained to counsel for Spencer, the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to review a state court decision. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine applies generally to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The reason underlying the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

While a plaintiff may bring an *independent* claim before a federal district court, Spencer fails to do so here, since her challenge seeks a review of the state court's foreclosure judgment. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (emphasis added). Indeed, Spencer expressly requested that the bankruptcy court set aside *that state court judgment*, which is exactly what *Rooker-Feldman* says lower federal courts cannot do. *Cf. Taylor,* 374 F.3d at 533-34 (claims were not independent of state court foreclosure suit for *Rooker-Feldman* purposes where plaintiff alleged "that the Defendants had committed a fraud upon the court by instituting a

6

wrongful foreclosure action against her"); *see also Mains v. Citibank N.A.*, No. 16-1985, slip op. at *6-7 (7th Cir. Mar. 29, 2017) (affirming dismissal of similar challenges to foreclosure judgment on *Rooker-Feldman* grounds); *Schmid v. Bank of Am., N.A.*, 498 B.R. 221, 224-25 (W.D. Wis. 2013) (dismissing an action challenging defendant's claim that it owned a mortgage and claiming fraud against defendant based on *Rooker-Feldman*, since the alleged injury was the state court foreclosure judgment being asserted against the plaintiff).

Moreover, Spencer *did* raise her standing challenges in the state court. Even if she did not, however, Spencer's failure to avail herself of those rights in state court does *not* create jurisdiction in federal court for her to do so now. *See Levin Attorney Registration & Disciplinary Comm'n of the Supreme Court of Ill.*, 74 F.3d 763, 766 (7th Cir. 1996) ("The claims raised in district court need not have been argued in the state judicial proceeding for them to be barred by the *Rooker-Feldman* doctrine."). Spencer's apparent argument is that the state court did not accept her challenges to the foreclosure action, but even if the state court erred in rejecting her arguments, this court still lacks jurisdiction for review: "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

Finally, as appellant's counsel surely knows from representing herself in the past, the fact that Spencer may have a pending appeal of her foreclosure action does not bar the application of the *Rooker-Feldman* doctrine. *See Nora v. Residential Funding Co., LLC.*, No. 13-1660, slip op. at *10-11 (W.D. Wis. Sept. 30, 2012) ("As a result, this court

finds that Nora's pending appeal of decisions issued after the court entered judgment against her in state court lacks a judicial basis to proceed in light of the *Rooker-Feldman* doctrine."), *aff'd* 543 F. App'x 601 (7th Cir. Nov. 26, 2013); *see also Auston v. North Carolina*, No. 96-1158, 1997 WL 312285, at *1-2 (7th Cir. June 5, 1997) (noting that plaintiff had filed a motion to vacate the state court judgments, which was pending at the time that the plaintiff filed his federal action, and affirming the district court's application of the *Rooker-Feldman* doctrine to bar plaintiff's federal claims).

Accordingly, the court also affirms the bankruptcy court's order dismissing Spencer's adversary proceeding against PNC Bank.

### III. Dismissal of Chapter 13 Petition

This then leaves Spencer's last appeal from the bankruptcy court's dismissal of her second Chapter 13 petition. As detailed above, the bankruptcy court dismissed Spencer's petition after she was warned in open court on the record and again in a written order that she had until June 13, 2015, to file a plan amendment and a declaration explaining Spencer's failure to file tax returns for certain years. Making this failure even more egregious is that the deadline was proposed by *Spencer's* counsel with full knowledge that a failure to meet that deadline would result in the dismissal of Spencer's petition.

The bankruptcy court's dismissal of Spencer's petition falls within its inherent powers to ensure the orderly administration of justice, *In re Berryhill*, 127 B.R. 427, 432 (Bankr. N.D. Ind. 1991), but the court's order was also proper under 11 U.S.C. §

1307(c), which governs dismissal or conversion to a Chapter 7 or Chapter 13 petition. That provision provides in pertinent part:

> Except as provided in subsection (f) of this section [dealing with farmers], on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> . . .
>
> (3) failure to file a plan timely under section 1321 of this title; [and]
>
> . . .
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a)[.]

All of the requirements of this provision were met here. The Trustee filed a proposed order dismissing the petition after Spencer had missed the June 13th deadline. Spencer's argument that the Trustee needed to file a *motion* is without merit, especially in light of the fact that the bankruptcy court itself described the consequence of failing to file timely the required documents orally on the record during the hearing and in a follow-up written order. Moreover, Spencer was provided notice of the risk of dismissal and that notice was provided in the context of a hearing -- a hearing in which Spencer's counsel herself *set* the deadline. Finally, while the list of reasons set forth in subsection (c) is nonexclusive, Spencer's failure here could fall within several of the categories

delineated above -- unreasonable delay, failure to file a plan amendment, and failure to file certain documents required under § 521(a).

In her untimely submission below and again in her appeal, Attorney Nora attempts to explain her lapse by representing that she did not hear the June 13, 2015, deadline during the telephonic conference, and she did not click on the link to the post-hearing order because she thought the entire order was contained in the text entry on the docket sheet. Neither excuse, however, constitutes excusable neglect, or at least Judge Furay did *not* abuse her discretion in rejecting Attorney Nora's implicit request for an extension to file the required documents.

Even if the bankruptcy court could be viewed as acting *sua sponte*, the court finds the dismissal order appropriate in light of the fact that Spencer and her counsel were on notice of the consequences of the failure to file the required documents. Indeed, such a course of action is contemplated by 11 U.S.C.A. § 105, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*See also In re Black*, 180 B.R. 534, 535 (S.D. Ind. 1995) (holding that bankruptcy court was not required to provide debtor with a hearing before dismissing debtor's Chapter 13 case where debtor received notice that his case was going to be dismissed if he missed another payment); *In re Meints*, 222 B.R. 870, 872 (D. Neb. 1998) (affirming dismissal of Chapter 13 petition on the bankruptcy court's own motion and without providing notice

or hearing to debtor based on debtor's failure to follow procedures outlined in prior dismissal); *In re Greene*, 127 B.R. 805, 808 (Bankr. N.D. Ohio 1991) (affirming dismissal of Chapter 13 petition *sua sponte* based on debtor's failure to file timely statement and plan).

ORDER

IT IS ORDERED that the decisions of the bankruptcy court in the three above-captioned cases are AFFIRMED.

Entered this 30th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge